UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY MOAK** | **CIVIL ACTION NO. 23-196** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TOWN OF HOMER, ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion to Stay, filed by defendants, the Town of Homer ("Homer"), Chief Elvan McDaniel ("Chief McDaniel"), Officer Arnold Stephenson ("Officer Stephenson"), and Officer Latedrick Robinson ("Officer Robinson") (collectively "Defendants") (R. Doc. 30). The plaintiff, Gregory Moak ("Moak") opposes the motion (R. Doc. 33). Pursuant to the Court's Order at R. Doc. 35, the parties each filed supplemental memoranda with updated information regarding the concurrent criminal proceedings arising from the same incident sued upon here (R. Doc. 36; R. Doc. 37).

### I. BACKGROUND

Moak filed the instant civil rights complaint under 42 U.S.C. § 1983 against Defendants for excessive use of force and physical brutality associated with Moak's December 5, 2022 arrest for resisting an officer, theft, and entering and remaining after being forbidden. R. Doc. 28. In effectuating their arrest of Moak, Defendants allegedly "[threw him] to the ground"; "beat [him] brutally"; and "tased [him] beyond belief." *Id*. at 4-5.

On November 30, 2023, Defendants filed the instant motion to stay proceedings pending the resolution of criminal charges against Chief McDaniel and Officer Stephenson. R. Doc. 30. Defendants contend that the pending criminal cases prejudice their defense of this suit. *Id*. at 2.

Moak opposes the stay, citing authority for the proposition that "[i]t 'is the rule, rather than the exception' that civil and criminal cases proceed together"; and further, that a stay in this context is an "extraordinary remedy." R. Doc. 33 at 3. Finally, Moak contends that a stay will prejudice his ability to pursue his case due to the loss of evidence caused by the passage of time. *Id.* at 5-6.

## II. LAW AND ANALYSIS

A district court is authorized to stay a civil proceeding during the pendency of a parallel criminal proceeding. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (internal citation omitted). Indeed, it may do so when the interests of justice require such action. *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Courts typically consider several factors when determining whether a civil case should be stayed in favor of a criminal case; they include:

> (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest.

*Villani v. Devol*, Civ. Action No. 15-0852, 2016 WL 1383498, at *2 (M.D. La. Apr. 7, 2016) (internal citations omitted). However, the first factor—the similarity of issues

between the civil and criminal actions—is considered the most important threshold issue. *Id* at 3. (internal citation omitted).

Here, the criminal and civil cases appear to prosecute the exact same conduct allegedly perpetrated by Chief McDaniel. R. Doc. 36 at 3. The indictment of Chief McDaniel for aggravated battery and malfeasance in office further indicates this factual overlap, and additionally favors the second factor: "whether the defendant has been indicted." *Villani,* 2016 WL 1383498, at *2. "Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct." *Modern American Recycling Serv. v. Dunavant*, 2012 WL 1357720, at *3 (E.D. La. April 19, 2012). As for the third factor, the Court finds that while Moak raises legitimate concerns, he is not unduly prejudiced by temporarily delaying his civil case. Furthermore, any potential prejudice is remediated by the status reporting interval ordered below. For the fourth factor, the interest of the defendants, Chief McDaniel's risk of self-incrimination weighs in favor of the stay. *Cf. LeBouef v. Global X-Ray,* 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008). As Chief McDaniel's indictment is very recent, the potential for a criminal case against Officer Stephenson and Officer Robinson arising from the subject incident has not ended. As to the fifth factor, the Court finds that the interest of judicial economy weighs in favor of a stay, as a prior criminal conviction can narrow issues in a civil case and promote settlement. *See Mosing v. Boston,* No. 6:14-CV-02608, 2017 WL 4228699 at *4 (W.D. La. Sept. 22, 2017). Lastly, the public interest in law enforcement outweighs the private interest in advancing this litigation at this time.

## III. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Stay (R. Doc. 30) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall file a status report with the Court 180 days from the date of this Order regarding the concurrent criminal proceedings.

**IT IS FURTHER ORDERED** that the parties file a motion to lift the stay as soon as the concurrent criminal proceedings are resolved.

**THUS DONE AND SIGNED** this 2nd day of May, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**